UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HAROLD HOWARD,

           Petitioner,                             **DECISION AND ORDER**

        v.                                        1:17-CV-00107 EAW

THE PEOPLE OF THE STATE OF NEW YORK,

           Respondent.
_____

*Pro se* petitioner Harold Howard ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2017. (Dkt. 1). On May 17, 2018, Petitioner filed a motion asking the Court to hold his petition in abeyance pending the outcome of a complaint he had filed with the New York State Attorney Grievance Committee with regard to his prior counsel. (Dkt. 7). On March 14, 2019, the Court issued an Order denying Petitioner's request to hold the matter in abeyance, but granting him until April 19, 2019, to file a supplemental submission regarding the grievance. (Dkt. 11). A copy of the Court's March 14th Order was mailed to Petitioner at the address on file with the Clerk of Court's Office. (*Id*.). The Court's mailing was subsequently returned as undeliverable, with no forwarding address. (Dkt. 12).

The Court reviewed the New York Department of Corrections and Community Supervision's ("DOCCS") Inmate Information database, which indicated that Petitioner was released from DOCCS' custody on September 17, 2018. (Dkt. 13 at 1). Petitioner had not provided the Clerk of Court with an updated address since that time. (*Id*.).

- 1 -

The Court entered an Order to Show Cause on August 19, 2019, requiring Petitioner to show cause in writing, within 30 days, why the matter should not be dismissed for failure to maintain an updated address pursuant to Local Rule of Civil Procedure 5.2(d). (Dkt. 13). Petitioner was warned that his failure to respond to the Order to Show Cause would result in the dismissal of his petition with prejudice. (*Id*.). The Court mailed the Order to Show Cause to the address it had on file for Petitioner. (Dkt. 14). Petitioner did not respond to the Order to Show Cause, and the Court entered an order dismissing the petition with prejudice on November 6, 2019. (Dkt. 15). Judgment was entered on November 8, 2019. (Dkt. 16).

More than a year later, on February 26, 2021, Petitioner filed a motion asking the Court to reopen the matter. (Dkt. 19). Petitioner asserts that the Court should have been on notice of his change of address because he had provided his updated address in the unrelated matter of *United States v. Howard*, Criminal Action No. 1:12-cr-00084 (the "Criminal Action"), which is pending before a different judge in this District.

The Court finds Petitioner's argument unavailing. The notices of change of address filed by Petitioner in the Criminal Action make no reference to the instant case, and are labeled only with the case number of the Criminal Action. *See* Criminal Action, Dkt. 161 & Dkt. 170. The Clerk's Office employee who processed these notices of change of address thus had no way of knowing that Petitioner was also litigating this habeas corpus proceeding related to his state convictions, and had no cause to update his address in the instant action. The Court further notes that Local Rule of Civil Procedure 5.2(g) specifically advises *pro se* litigants that they may not make a single filing applicable to

multiple actions, and that "papers shall be directed to the issues raised in one (1) action only, and shall be filed only in that action." L. R. Civ. P. 5.2(g). There was simply no basis for Petitioner to believe that filing a notice of change of address in the Criminal Action, with no mention of the instant action, was somehow sufficient to comply with his obligation to maintain an updated address. Moreover, Petitioner has offered no reason for why it took him more than a year to discover that this action had been closed by the Court.

In sum, Petitioner failed to provide the Court with an updated address in this action at any point between September 2018, when he was released from DOCCS' custody, until February 2021, when he filed the instant motion. Petitioner plainly knew that he had an obligation to keep his address up to date, as he filed notices of change of address in his Criminal Action. Indeed, in one of the notices of change of address filed in the Criminal Action, Petitioner stated that he had "sent a letter to the court about [his] change of address" but was sending an additional update because had "left [his] case number off the last letter [he] sent" (Criminal Action, Dkt. 161)—in other words, Petitioner not only knew that he had to apprise the Court of his new address, but also knew that it was his obligation to provide his case number, yet he took no action to satisfy that obligation in the instant matter. The Court was well within its discretion in dismissing the action in November 2019, based on the length of the delay, the notice provided to Petitioner, the extremely congested nature of the Court's calendar, and the ineffectiveness of any lesser sanctions under the circumstances. *See Gomez-Ka'Dawid v. Wright*, No. 08-CV-6530 MAT, 2013 WL 1103208, at *1 (W.D.N.Y. Mar. 15, 2013) (discussing factors to be considered in

determining whether to dismiss where the plaintiff failed to update address for five months).

Moreover, it would be unjustly prejudicial to Respondent to reopen the matter at this time. As Petitioner makes clear in his motion to reopen, he is still attempting to submit additional matters to the Court for consideration in connection with this matter—indeed, he asks the Court to issue an order compelling his former attorney to turn over particular documents and submits various documents from 2018 and 2019 relating to his grievance proceeding. (Dkt. 19 at 2, 9-13). Petitioner's failure to supply this information in April 2019, as ordered by the Court, has cost Respondent nearly two years in which to investigate the issue and formulate a response. Under these circumstances, the Court finds no basis to reopen the matter. *See Adams v. Yolen*, 513 F. App'x 64, 66 (2d Cir. 2013) (affirming district court's denial of motion to reopen case where *pro se* plaintiff's conduct had resulted in delay of two years and five months).

For all these reasons, Petitioner's motion to reopen and seeking to compel the disclosure of documents by his former counsel (Dkt. 19) is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  April 14, 2020
   Rochester, New York